MUSTO v REDFORD TOWNSHIP

Docket No. 63947. Submitted June 19, 1984, at Lansing.—Decided
September 4, 1984.

Patrick Musto applied for employment as a police officer for
Redford Township. His application was rejected because he was
not a resident of Redford Township, as required by the Michi-
gan police and fire civil service act. Musto brought an action in
Wayne Circuit Court against Redford Township, the Redford
Township Police Department, the township police and fire civil
service commission and the individual commissioners, seeking a
declaration that the one-year pre-employment residency re-
quirement of the act was unconstitutional as it deprived him of
equal protection and of the right to travel. The Attorney
General intervened for the purpose of filing an amicus curiae
brief. The court, William J. Giovan, J., granted summary
judgment in favor of the plaintiff, holding that the one-year
residency requirement was unconstitutional. Defendants ap-
pealed. *Held:*

1. The right to travel is a fundamental constitutional right
and any statute which imposes a penalty on the exercise of the
right must be viewed with strict scrutiny. The statute in
question, however, fails even when subjected to the traditional
"rational basis" test for determining violations of equal protec-
tion.

2. The arguments of defendants in favor of the pre-employ-
ment residency requirement do not establish a rational basis

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16A Am Jur 2d, Constitutional Law § 746 *et seq.*

[2] 16A Am Jur 2d, Constitutional Law §§ 569, 607-612.

Federal constitutional right of international travel. 58 L Ed 2d 904.

Federal constitutional right of interstate travel—Supreme Court
cases. 27 L Ed 2d 862.

[3] 63A Am Jur 2d, Public Officers and Employees § 38.

[4] 16A Am Jur 2d, Constitutional Law §§ 611, 729, 773.

Validity, construction, and application of enactments relating to
requirement of residency within or near specified governmental
unit as condition of continued employment for policemen or
firemen. 4 ALR4th 380.

for the requirement. The requirement is therefore unconstitutional under both the United States and Michigan Constitutions.

Affirmed.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The test to be applied to a statutory classification which is challenged on equal protection grounds depends upon the nature of the interests affected by the legislation; where the interest is fundamental or the classification suspect the court applies a strict scrutiny test which requires the state to show a compelling interest to justify the classification; other legislation is subjected to the traditional equal protection test wherein the burden is on the party challenging the legislation to show that it is without reasonable justification.

2. CONSTITUTIONAL LAW — RIGHT TO TRAVEL.

The right to travel is a fundamental constitutional right and any statute which imposes a penalty on this right is to be viewed with strict scrutiny (US Const, Am XIV; Const 1963, art 1, § 2).

3. CONSTITUTIONAL LAW — PUBLIC EMPLOYMENT.

There is no constitutional right to obtain public employment, but there is a right to be considered for such employment in a fair, reasonable and nondiscriminatory manner.

4. CONSTITUTIONAL LAW — POLICE AND FIREMEN — RESIDENCY REQUIREMENTS.

The requirement of the police and fire civil service commission act that an applicant for employment in a police or fire department must be a resident of the city, village or municipality for one year prior to filing an employment application is unconstitutional under both the United States and Michigan Constitutions (US Const, Am XIV; Const 1963, art 1, § 2).

*Lippitt, Lyons & Whitefield* (by *Peter P. Sudnick),* for plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Ethan Vinson),* for defendants.

Before: SHEPHERD, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

SHEPHERD, P.J. Defendants appeal from the summary judgment of the Wayne County Circuit Court which held that a one-year residency requirement for police and fire applicants was unconstitutional as violative of the right to travel. The provision was locally adopted as part of the Michigan police and fire civil service act, MCL 38.510(1); MSA 5.3360(1). We affirm the circuit court and hold that it is not constitutional under both the United States and Michigan Constitutions for municipalities to require applicants for employment in police and fire departments to be local residents prior to applying for such positions. In so holding, we do not, in any way, relax the residency requirements for actual employment which were approved in *Detroit Police Officers Ass'n v Detroit,* 385 Mich 519; 190 NW2d 97 (1971), *app dis* 405 US 950; 92 S Ct 1173; 31 L Ed 2d 227 (1972).

On or about June 21, 1980, plaintiff applied for an advertised position as a police officer in Redford Township. By virtue of his residence in the contiguous community of Livonia, however, his application was rejected.

The challenged statute reads as follows:

"Sec. 10(1). The civil service commission, in each city, village, or municipality shall require persons applying for admission to any examination provided for under this act or under the rules and regulations of the commission, to file in its office, within a reasonable time before the proposed examination, a formal application in which the applicant shall state under oath or affirmation all of the following:

\*    \*    \*

"(d) Business and employments and residence for at least 3 years previous. The applicant shall have been a resident of the city, village or municipality for at least 1 year immediately preceding application."

In *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975), the Supreme Court discussed the appropriate tests to be applied in equal protection challenges to legislation. The test to be employed depends upon the nature of the interests affected by the legislation:

"[T]he United States Supreme Court developed a two-tiered approach to equal protection cases.

"If the interest is 'fundamental' or the classification 'suspect', the court applies a 'strict scrutiny' test requiring the state to show a 'compelling' interest which justifies the classification. Rarely have courts sustained legislation subjected to this standard of review.

"Other legislation, principally social and economic, is subjected to review under the traditional equal protection test. The burden is on the person challenging the classification to show that it is without reasonable justification. It has been said that '[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it'. A classification will stand unless it is shown to be 'essentially arbitrary'. Few statutes have been found so wanting in 'rationality' as to fail to satisfy the 'essentially arbitrary' test." (Footnotes omitted.) 394 Mich 668.

Whether we characterize the right to travel as fundamental or as something less than fundamental, there can be no question that the right to travel between states has been acknowledged as a right implicit in the very concept of union. See *Sosna v Iowa,* 419 US 393; 95 S Ct 553; 42 L Ed 2d 532 (1975); *Memorial Hospital v Maricopa County,* 415 US 250; 94 S Ct 1076; 39 L Ed 2d 306 (1974); *Dunn v Blumstein,* 405 US 330; 92 S Ct 995; 31 L Ed 2d 274 (1972); *Shapiro v Thompson,* 394 US 618; 89 S Ct 1322; 22 L Ed 2d 600 (1969). In *Grano v Ortisi,* 86 Mich App 482; 272 NW2d 693 (1978), this Court discussed the concept of the right to

travel within the context of the United States Constitution, Am XIV, and the Michigan Constitution of 1963, art 1, § 2. The *Grano* Court made no distinction between the right to freedom of travel on an interstate and intrastate basis and we see no logical distinction between the right of a person to travel between states (which is protected by the United States Constitution) and the right to travel between locations in the State of Michigan (which we find to be protected by the Michigan Constitution). The problem is identical and the analysis ought to be identical.[1]

Our analysis of the above cases leads us to believe that the right to travel is classified as a fundamental constitutional right and that any statute which imposes a penalty on the exercise of this right must be viewed with strict scrutiny. Nevertheless, we also conclude that even under the "rational basis" test, the statute in question must fall.

An analysis of the implications of the one-year residency requirement for applicants indicates that a substantial penalty is placed upon the right to travel between municipalities in the State of

[1] The right to travel is generally considered to arise out of the equal protection guarantee contained in § 1 of the Fourteenth Amendment to the United States Constitution:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The parallel provision as found in the Michigan Constitution is at art 1, § 2:

"No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of religion, race, color or national origin. The legislature shall implement this section by appropriate legislation."

Michigan. A person residing in one location who has the ambition to become an employee of a police or fire department must either move to another specific location or remain in his or her present location and apply for employment there. Prospective applicants must play a guessing game as to where an employment opportunity is most likely to occur within any given one-year period. This illustrates the substantial burden placed upon the right to travel among the large class of persons seeking employment in police and fire departments.

A response that is frequently made to the above argument is that there is no right to public employment and that no one has the right to become an employee of a police or fire department. In rebuttal to that argument we proffer the analysis set forth in *Slochower v Bd of Higher Ed of New York City,* 350 US 551; 76 S Ct 637; 100 L Ed 692 (1956), where the Supreme Court indicated that to state that a person does not have a constitutional right to government employment was merely to say that the person must comply with reasonable, lawful and nondiscriminatory terms laid down by proper authorities, and that constitutional protection does extend to a public servant whose exclusion pursuant to a statute is arbitrary and discriminatory. Therefore, while there may be no right to obtain public employment, there is a right to be considered for such employment in a fair, reasonable and nondiscriminatory manner.

For this reason, and for the further reason that defendants' position that the right to travel between communities within the State of Michigan is not fundamental is at least arguable, we turn our analysis to the question of whether there is a rational basis for the one-year residency require-

ment for job applicants in police and fire departments.

Defendants argue that the rational bases for the statute are: local residents will be more familiar with the community and its geography; there will be increased trust by local residents in officers who come from the community; there will be increased dedication to the job by those who live in the community; the township has an interest in giving jobs to its own residents; and it will be easier for township officials to do a background investigation on an applicant who lives in the community.

In our opinion all of these arguments fall when we recognize that, in full compliance with the statute in question, one can move into a community for the mere purpose of establishing a residence while continuing one's employment and social activities elsewhere. In the one-year period such an individual would acquire almost no familiarity with the community and establish no roots or commitment to the community which would justify a claim that the applicant has established links to the community that would either enable the officials to adequately investigate his background or which would be an adequate prediction of loyalty and dedication to the interests of the municipality. On the other hand, one could live in Redford Township for years or even decades, move to a contiguous community, maintain employment and strong local ties to family, friends and institutions but nevertheless be ineligible for employment under the statute simply because of a physical move across a boundary which could be equivalent to a move across the street. In these days of high mobility and rapid communications, the arguments of defendants are not able to pass a test of rationality. See also *Grano v Ortisi, supra,* where

similar arguments relating to residency requirements for judicial candidates met a similar fate.

We also believe it to be incongruous for the township to argue that the durational residency requirement is a significant element in promoting better police protection when, in fact, the collective-bargaining agreement between the township and the Redford Township Police Officers Association permits officers having three years on the force to live outside the township. Article IX of the agreement, entitled Residency, states as follows:

"9.1: Officers of the Redford Township Police Department, after having completed three (3) years on the force, shall be permitted to live anywhere outside of the Township so long as said officers are able to report for duty within one (1) hour of telephone contact under normal weather conditions. During any one year, no more than ten (10) officers can relocate. If more than ten (10) officers wish to move out of the Township within one (1) year, the seniority will determine ability to relocate."

This means that one applicant could live in the township a total of four years in a lifetime and be allowed to serve on the police department, whereas another might have lived in the township most of his pre-employment life (and might wish to continue living there permanently after his employment) but be prevented from applying simply because he or she lived outside the community for one year prior to submitting an application.

Accordingly, we hold that that portion of the statute which requires an applicant for employment in the police or fire department to be a resident of a city, village, or municipality for one year prior to filing an employment application is unconstitutional under both the United States and

Michigan Constitutions. We do not address the issue of the constitutionality of that portion of the statute that requires all applicants to have resided in the State of Michigan for a period of one year prior to application since that issue was not raised in the court below or on appeal.

Affirmed. No costs, a public question being involved.