767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL R. HREN, PLAINTIFF-APPELLEE,
v.
THE CHAPTER TOWNSHIP OF HARRISON, TOWNSHIP SUPERVISOR
CANDICE MCDONALD, LEE HARTMAN, ROBERT HANSEN AND DR. LEWIS
ROEHRIG, IN THEIR CAPACITIES AS MEMBERS OF THE CIVIL SERVICE
COMMISSION OF THE CHARTER TOWNSHIP OF HARRISON, DEFENDANTS-APPELLANTS.
 NO. 84-1615
 United States Court of Appeals, Sixth Circuit.
 6/3/85
 
 E.D.Mich.
 AFFIRMED
 On appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and KEITH, Circuit Judges: and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Charter Township of Harrison appeals from a summary judgment of the United States District Court for the Eastern District of Michigan finding that the Township's durational residency requirement for police officer and firefighter positions violated the Constitution of the United States.
 
 
 2
 Plaintiff Michael R. Hren responded to defendant Township's advertisement announcing openings for firefighters and soliciting applications for the required civil service examination. The Township denied Mr. Hren the opportunity to sit for the civil service examination or to otherwise be considered for the firefighter openings because he failed to meet the one-year residency requirement of M.C.L.A. Sec. 35.510(1)(d) which was adopted by the Township pursuant to M.C.L.A. Sec. 38.517(a). Section 38.510 is commonly referred to as 'Act 78' and provides:
 
 
 3
 The civil service commission, in each city, village, or municipality shall require persons applying for admission to any examination provided for under this act or under the rules and regulations of the commission, to file in its office, within a reasonable time before the proposed examination, a formal application in which the applicant shall state under oath or affirmation all of the following:
 
 
 4
 (a) Full name, residence, and post-office address.
 
 
 5
 (b) Citizenship, age, and the place and date of birth.
 
 
 6
 (c) Health and physical capacity for public service.
 
 
 7
 (d) Business and employments and residence for at least 3 years previous. The applicant shall have been a resident of the city, village, or municipality for at least 1 year immediately preceding application.
 
 
 8
 M.C.L.A. Sec. 38.510 (emphasis added).
 
 
 9
 The district court found Act 78 to violate the constitutional right to travel because there was no rational basis for the one-year residency requirement. According to the court, defendants failed to link the residency requirement to promotion of the state interest in safety and the court doubted whether there could be a rational basis since the residency requirement applies only to those communities which choose to adopt the civil service system.
 
 
 10
 Defendant Charter Township of Harrison appeals asserting that the district court erred in applying the rational basis standard of review and in failing to find that the residency requirement was rationally related to the articulated legitimate state interest of safety. Plaintiff Hren asserts that Act 78 should have been subjected to the strict scrutiny test because the right to travel is a fundamental right. In any case, plaintiff Hren asserts that the durational residency requirement is arbitrary and without rational justification.
 
 
 11
 At least five other courts, including the Michigan Court of Appeals in Musto v. Redford Township, 137 Mich. App. 30 (1984), have ruled that the adoption of Act 78 by other communities imposed an unconstitutional burden upon the rights of United States citizens to travel by penalizing those who seek to apply for police officer and firefighter positions without first establishing residency. Upon a review of the record, we agree with the district judge that nothing in the defendant's responses to plaintiff's motion for summary judgment provides any basis or justification for the Township's adoption of the one-year residency requirement. Whether subjected to the strict scrutiny test or to the rational basis test employed by the trial judge, the Township's residency requirement is unconstitutional. We, therefore, need not and do not reach the issue of whether the trial judge was correct in applying the rational basis test in these circumstances.
 
 
 12
 AFFIRMED.